**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**PENELOPE BLISSETT, personally
and as next friend for Chandler Blissett,
a minor child**                                                    **PLAINTIFF**

**V.**                                          **CAUSE NUMBER: 3:25-cv-00310-JDM-JMV**

**PATE'S AUTO GROUP, LLC, et al.**                          **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER
<u>GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS</u>**

Before the Court is Defendant Jerry Wayne Carwile's Motion to Dismiss the complaint for failure to state a claim. [3] Plaintiff Penelope Blissett sued Carwile—d/b/a Carwile Towing and Recovery—for repossessing her minor son's truck.[1] [1] Blissett's complaint contains a federal claim for violating the Truth in Lending Act (TILA). It also contains a supplemental state law claim for conversion. And she asks for punitive damages under her conversion claim. Carwile Towing seeks to dismiss both the federal claim and state claim as well as the punitive damages request.

This Court agrees Blissett's complaint fails to state a claim against Carwile Towing under TILA. In short, she simply did not allege Carwile Towing was a creditor or lender under TILA. Nor, in response to its dismissal motion, does she argue Carwile Towing violated TILA. But Blissett did state a claim against Carwile Towing for conversion. Blissett alleged her son had the sole right to possess the truck and that Carwile Towing acted to deprive him of that right. Further,

---

[1] Blissett's son purchased the truck from Pate's Auto Group, LLC. And her complaint also named Pate's Auto, Dylan Pate, and Jayden Pate as defendants. But neither Pate's Auto nor Dylan or Jayden joined Carwile Towing's motion to dismiss.

her punitive damages demand is not an independent claim. It is simply a request for relief. Therefore, Carwile Towing's motion to dismiss is **GRANTED in part** as to the TILA claim. Carwile Towing's motion is **DENIED in part** as to Blissett's conversion claim and her punitive damages request.

### Blissett's Complaint

According to Blissett's complaint, her son—Chandler—financed a 2016 Dodge Ram from Pate's Auto Group in Tennessee. Pate's Auto then assigned the debt to Westlake Financial. After Chandler got the truck home to New Albany, Mississippi, Dylan Pate told Chandler he needed to either pay an additional $3,000 for the truck or return it. So Chandler contacted Westlake Financial. That company assured Chandler the truck was his and that it had fully paid Pate's Auto. Chandler then told Dylan he would pay the additional money, conditioned on Pate's Auto writing a contract reflecting the payment change. According to Blissett, that was the last conversation between Chandler and Pate's Auto before the repossession.

Blissett's complaint then alleges Jayden Pate and Carwile Towing arrived at her residence to repossess the truck. When Jayden and Carwile Towing arrived, Chandler again contacted Westlake Financial. And again, Westlake Financial told Chandler he had the right to possess the truck. Despite Chandler's possession right, Blissett claims Pate's Auto and Carwile Towing took possession of the truck. So Blissett, on Chandler's behalf, initiated this lawsuit.

Blissett's complaint presents two claims—Count I for violation of TILA and Count II for conversion. Count I focuses on the change of credit terms when Dylan demanded more money. Count II alleges Chandler "had ownership and lawful possession" of the truck. It continues, "[Carwile Towing] wrongfully exercised dominion and control" over the truck when he took

2

possession of it "without legal right or contractual default."  Blissett also seeks punitive damages for the alleged conversion.

**Dismissal Standard**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  And "[t]o be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'"  *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).  This Court will accept "all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff."  *Id.* (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

**Failure to State a Claim**

*Count I—Violation of the Truth in Lending Act*

In Count I, Blissett alleges the "[d]efendants[]" changed the credit terms and violated the Truth in Lending Act by not disclosing the finance charge, amount financed, and total sale price. But Blissett did not allege Carwile Towing was a creditor.  Instead, she only alleged Pate's Auto was a creditor under TILA.  The only plausible reference to Carwile Towing is the broad term "defendants."  Otherwise, Blissett's complaint alleges nothing to support a TILA claim against Carwile Towing.

Blissett even concedes she did not state a claim against Carwile Towing under TILA. Indeed, her response to Carwile's motion to dismiss contains no argument that she stated a TILA

claim against Carwile Towing.[2]  Despite Count I's broad use of "defendants," Carwile is correct that Blissett clearly did not state a TILA claim against him.  So, Carwile Towing's motion to dismiss is granted as to any TILA claim against it.

*Count II—Conversion*

But Blissett did state a conversion claim against Carwile Towing.  While Carwile Towing argues she failed to allege it breached the peace, breaching the peace is not an element of conversion.

Rather, to prove conversion, "there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand."  *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 68 (Miss. 2004) (quoting *First Invs. Corp. v. Rayner*, 738 So. 2d 228, 234-35 (Miss. 1999)).  In Mississippi, "[i]t is elementary that ownership is an essential element of conversion." *Cmty. Bank, Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 772 (Miss. 2004).  "[T]here is a conversion only when there is an 'intent to exercise dominion or control over goods which is inconsistent with the true owner's right.'"  *Wilson*, 883 So. 2d at 69 (quoting *Rayner*, 738 So. 2d at 234).  "While intent is necessary, it need not be the intent to be a wrongdoer."  *Id.*

Taking Blissett's complaint as true, Chandler—not Carwile Towing—had lawful ownership and possession of the truck.  Westlake Financial repeatedly informed Chandler he had the right to the truck.  And Chandler was not in contractual default.  When Carwile Towing subsequently took possession of the truck, it "exercised dominion in exclusion . . . of [Chandler's] right[.]"  *Id.* at 68.  So Blissett's complaint states a claim for conversion.  It was enough that she

---

[2] Blissett moved for an extension of time to respond.  [8]  But before the Court ruled on her motion, Blissett filed her response.  No defendant opposed the motion or moved to strike her response.  So the Motion for Extension of Time is **GRANTED**, and the Court accepts her response as timely.

alleged Chandler owned the truck and that Carwile Towing intentionally deprived Chandler of his legal right to possess it.

Carwile Towing focuses on Blissett's failure to specifically allege it breached the peace. And in support, Carwile Towing cites several Mississippi Supreme Court cases that discuss breaching the peace in the conversion context. But in each of those cases, the lender and repossession agencies had a *legal right* to possess the vehicles at issue. So the question was whether they lawfully exercised the self-help repossession remedy. *Wilson*, 883 So. 2d 56 (concluding repossession agency not liable for breach of peace where it had right to repossess after plaintiff's non-payment); *Hester v. Bandy*, 627 So. 2d 833 (Miss. 1993) (concluding where plaintiff was in default to a secured party, the secured party had the right to repossess the vehicle if it did not breach the peace); *Dearman v. Williams*, 109 So. 2d 316 (Miss. 1959) (concluding vehicle seller had right to enter a private driveway and repossess a vehicle where debtor was in default); *Com. Credit Co. v. Cain*, 1 So. 2d 776 (Miss. 1941) (concluding lender could repossess vehicle from a public place under a contractional insecurity clause).

But here we face a different scenario. Blissett's complaint alleges Pate's Auto and Carwile Towing had *no legal right* to possess Chandler's truck. So determining whether Carwile Towing breached the peace is not necessary for Blissett to state a conversion claim. She met her pleading burden by alleging Chandler had full legal right to possess the truck and that Carwile Towing acted to deprive him of that right. Taking Blissett's complaint as true, she has stated a claim for conversion against Carwile Towing. So the motion to dismiss is denied in part as to Blissett's conversion claim. And the Court exercises its supplemental jurisdiction over the conversion claim.

*Punitive Damages*

Finally, Carwile Towing argues Blissett's complaint did not allege it acted with willful or intentional disregard during the repossession to support a punitive damages claim. Carwile Towing invokes the familiar *Iqbal* plausibility standard to Blissett's request for punitive damages. But that does not fit the procedural posture of a Fed. R. Civ. P. 12(b)(6) motion to dismiss.

Other courts have considered applying a Rule 12(b)(6) dismissal motion to a plaintiff's request for punitive damages. And they have concluded the plausibility standard required for pleading a *claim* does not apply to a request for *relief*. *See Quezada v. MDS Trucking V Inc.*, No. EP-23-CV-434-KC, 2024 WL 3748381, at *6 (W.D. Tex. Aug. 9, 2024) ("[T]he plausibility standard, which applies to Rule 8(a)(2) and the plaintiff's *claim*, is inapplicable to a demand for punitive damages."); *New York Pizzeria, Inc. v. Syal*, 56 F. Supp. 3d 875 (S.D. Tex.) (finding Rule 12(b)(6) dismissal for failure to state a claim inapplicable to limit the scope of remedy sought); *Schmidt v. C.R. Bard, Inc.*, No. 6:14-cv-62, 2014 WL 5149175, at *8 (S.D. Ga. Oct. 14, 2014) ("Rule 12(b)(6), a vehicle for testing whether a plaintiff is entitled to relief, . . . is an improper vehicle for challenging the sufficiency of a prayer for relief[.]").

Blissett's punitive damages prayer is not a stand-alone claim for relief. It is tethered to her conversion claim against Carwile Towing. To be sure, Blissett must present clear and convincing evidence Carwile Towing's actions met the punitive damages standard in Miss. Code Ann. § 11-1-65. But the procedural posture of Rule 12(b)(6) is the wrong outlet for such a determination. Thus, the motion to dismiss Blissett's punitive damages request is denied.

## Conclusion

For these reasons, Carwile Towing's Motion to Dismiss [3] is **GRANTED in part** as to Blissett's Truth in Lending Act claim. The Motion is **DENIED in part** as to Blissett's conversion

claim and punitive damages request.  Blissett's claim against Carwile Towing for violation of the Truth in Lending Act is **DISMISSED with prejudice**.

Blissett's Motion for Extension of Time [8] is **GRANTED**.

In accord with the separate Order issued this day, this case is **STAYED** until further order of the Court.

**SO ORDERED**, this the 26th day of March, 2026.

        /s/ James D. Maxwell II

        UNITED STATES DISTRICT JUDGE
        NORTHERN DISTRICT OF MISSISSIPPI