**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**PENELOPE BLISSETT, personally**
**and as next friend for Chandler Blissett,**
**a minor child**                                                                                **PLAINTIFF**

**V.**                                                            **CAUSE NUMBER: 3:25-cv-00310-JDM-JMV**

**PATE'S AUTO GROUP, LLC, et al.**                                                    **DEFENDANTS**

**MEMORANDUM OPINION AND**
**ORDER COMPELLING ARBITRAION**

Before the Court is a Motion to Compel Arbitration filed by Defendants Pate's Auto Group, LLC, Dylan Pate, and Jayden Pate (collectively "the Pates"). [18] The Pates seek to enforce an arbitration agreement governing a truck sale between them and Plaintiff Penelope Blissett's minor son. The Court's previous order issued this day recounts the underlying facts of the case. Namely, Blissett sued the Pates and Defendant Jerry Wayne Carwile—d/b/a Carwile Towing and Recovery—over the defendants' subsequent repossession of the truck.

Blissett opposes the motion to compel. [23] She argues that she already tried to arbitrate her claims against the Pates under the arbitration agreement. But according to Blissett, the Pates defaulted in arbitration by failing to pay the American Arbitration Association's (AAA) fees. In her view, the Pates gave up their right to arbitrate by not following AAA's rules.

The Pates concede Blissett tried arbitration. But they argue they never received notice of arbitration proceedings. According to the Pates, mail meant for them sometimes ends up at a similar address. They maintain that mailing issues prevented them from knowing about Blissett's arbitration attempt.

So both the Pates and Blissett agree the arbitration provision is valid and enforceable. They simply disagree about whether the Pates waived their right to arbitrate by failing to pay the AAA fees. But because this Court finds that question within the scope of the arbitration agreement, it refers the issues of notice and waiver to the arbitrator. So the Pates' motion to compel arbitration is **GRANTED**. And this case is **STAYED** in its entirety until further order of this Court.

### Facts and Procedural History

Blissett sued the Pates and Carwile Towing after they repossessed her son's truck. [1] Her complaint alleges a violation of the Truth in Lending Act and includes a supplemental state claim for conversion. The Court, in a previous Order, discussed facts surrounding the truck's finance and repossession. But it did not touch on the arbitrability of the dispute between Blissett and the Pates.

In her complaint, Blissett alleges she initiated arbitration proceedings against the Pates under the terms of the arbitration agreement. But she claims arbitration with AAA failed because the Pates failed to adhere to AAA's Consumer Arbitration Rules. So she filed this lawsuit to recover for the truck's repossession.

The Pates then moved to compel arbitration under the arbitration agreement. [18] Blissett opposed the motion. [23] She argued the Pates waived their right to compel arbitration and were in default as to arbitration. Blissett included two letters from AAA to bolster her argument.

The first AAA letter—sent to the Pates via mail—informed the parties of Blissett's demand for arbitration. It also sets out the filing fees required to conduct arbitration. The second letter— also sent to the Pates via mail—is dated a month after the first letter. It informed the parties AAA had not received the required filing fees from the Pates. AAA then declined to administer the case and closed its file. Pointing to R-10(b) of its Consumer Arbitration Rules, AAA told the parties

that either of them could submit the dispute to an appropriate court. Finally, AAA requested the Pates remove AAA from its consumer arbitration clause because the Pates failed to follow AAA's rules and pay the filing fees.

Presented with AAA's letters and Blissett's opposition, the Pates responded.[1] They argued they had not waived arbitration because they did not receive notice of arbitration from AAA. The Pates attached an affidavit from Jayden Pate saying their mail is routinely misrouted to a similar, nearby address. Jayden then attested the Pates never received any mail notice of an arbitration proceeding.

This Court is thus left with questions surrounding the Pates' arbitration notice. Blissett asks this Court to find the Pates are in default and waived their right to arbitrate by failing to follow AAA's rules. The Pates ask the Court to allow arbitration in a matter AAA has already closed. But this Court finds the dispute over the arbitrability of Blissett's claims falls within the scope of the arbitration agreement. So it grants the Pates' motion and allows an arbitrator to determine whether the Pates waived arbitration.

### Discussion

This Court employs two analytical steps to determine whether to enforce an arbitration agreement. *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). First, the Court applies state contract law to determine if the parties entered into an agreement to arbitrate. *Matter of Willis*, 944 F.3d 577, 579 (5th Cir. 2019) (citing *Kubala*, 830 F.3d at 201)). Second, the Court determines if a particular claim is covered by the arbitration agreement. *Id.* But where an

---

[1] The Pates moved for an unopposed extension of time to reply to Blissett's response. [25] But before the Court ruled on their motion, the Pates filed their reply. Because Blissett did not object to an extension, the Motion is **GRANTED**, and the Court accepts the reply as timely.

arbitration agreement delegates the arbitrability of claims to the arbitration, the Court only asks if the delegation clause is valid. *Id.*

I. *The arbitration agreement is valid and enforceable.*

Regarding the first step—whether Blissett and the Pates agreed to arbitrate at all—the parties agree. Blissett acknowledged the arbitration agreement by initiating arbitration proceedings with AAA. No party challenges the contractual agreement to arbitrate. And the Court finds each Mississippi contract element present in the arbitration agreement. Therefore, the parties entered an agreement to arbitrate their dispute.

After a Court has found that an arbitration agreement exists, the ordinary second step is to determine whether the arbitration agreement covers any of Blissett's particular claims. But this particular arbitration contract delegates the arbitrability of claims to the arbitrator. So the Court only asks if the delegation clause is valid. *Matter of Willis*, 944 F.3d at 579.

Here, the arbitration provision states that either party can elect to arbitrate any "claim, dispute or controversy . . . arising from . . . this Contract[.]" The delegation clause continues, "To the extent allowed by law, the validity, scope, and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration." This delegation clause is valid because it "evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Kubala*, 830 F.3d at 202 (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68-69, 130 S. Ct. 2772, 177 L. Ed. 2d 403 (2010)). So the Court refers the matter to arbitration. And it need not opine whether any dispute between Blissett and the Pates falls within the scope of the arbitration provision. That is for the arbitrator to decide.

4

II.    *The issues of notice and waiver should be sent to arbitration.*

And in this case, the dispute over the Pates' arbitration notice and wavier is also for the arbitrator. A valid arbitration agreement exists and delegates the arbitrability of claims to the arbitrator. And the Court finds the delegation clause encompasses the notice and waiver disputes raised by Blissett and the Pates in their motion responses. This is because that dispute must be answered before arbitration can proceed.

Such an outcome mirrors decisions of other courts. "[I]t is for an arbitrator to decide whether a party has complied with a grievance procedure, or whether recovery is barred based on a defense such as *waiver, . . . lack of notice, . . .* or some other condition precedent to an obligation to arbitrate." *Town of Amherst v. Custom Lighting Servs., LLC*, No. 07-CV-261S, 2007 WL 4264608, at *11 (W.D. N.Y. Nov. 30, 2007) (emphasis added) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85, 123 S. Ct. 588, 154 L. Ed. 2d 491 (2002)). *See also John Wiley v. Livingston*, 376 U.S. 543, 557, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964) ("Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator.").

The issue of whether the Pates followed AAA's rules or received notice of arbitration is one such procedural question stemming from the underlying dispute. And before arbitration can proceed, the arbitrator must resolve those issues. So the Court refers these question to the arbitrator.

**Conclusion**

For these reasons, the Pates' Motion to Compel Arbitration [18] is **GRANTED**. All of Blissett's claims against Pate's Auto, Dylan Pate, and Jayden Pate shall be submitted to arbitration

under the terms set forth in the arbitration provision. The parties shall update the Court as to the status of arbitration every sixty (60) days, starting sixty (60) days after the entry of this Order. And the parties shall also notify the Court about the outcome of the arbitration within ten (10) days thereafter.

The Pates' Motion for Extension of Time [25] is **GRANTED**.

The case is **STAYED** until further order of the Court.

**SO ORDERED**, this the 26th day of March, 2026.

　　　　　　　　　　　　　　　　/s/ James D. Maxwell II
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　NORTHERN DISTRICT OF MISSISSIPPI